MR. JUSTICE GROVES
delivered the opinion of the Court.
This case was consolidated in this court with Appeal No. 26311, In the Matter of the Application for Water Rights of Merit Land & Cattle Company, Inc., as the two cases concern the same parties and issues. The opinion in No. 26311 is being announced contemporaneously with this opinion. We concluded to write a separate opinion here as the disposition by the trial court of this case was somewhat different from that in No. 26311. Our contemporaneous opinion should be read for a proper understanding of this one.
*290 The same applicants for underground water rights and storage rights of water so produced asked for the adjudication of five wells in addition to the five involved in No. 26311. The application for adjudication for the five wells involved here, Water Court No. W-3034, was filed about 2 1/2 years following the filing of the applications in No. 26311. The applicants have the position, however, that all ten wells are a part of a composite system.
There was no evidence that permits from the State Engineer were obtained for these wells.
Evidence was presented under the applications in No. 26311. Except as indicated in the court’s findings quoted below, no evidence was presented with respect to the five wells in No. W-3034 here involved. Rather, the parties entered into a stipulation provided that all testimony presented under the applications in No. 26311 should be considered as introduced by applicants and objectors as to No. W-3034.
We affirm and dispose of this case simply by quoting from the trial court’s finding:
“The only evidence submitted on which to base a judgment and decree for any of the claims made, consists of the brief testimony of Mr. Dawn at the trial, which may be summarized as follows: “He is a stockholder and president of the applicant, Merit Land and Cattle Company Incorporated; he is familiar with the facts alleged in the Application; the legal description of wells and reservoirs are correctly described in the Application; the facts alleged are all correct; the testimony given in cases numbered W-17, W-18, W-19, W-20 and W-22 apply equally and exactly to the claim made in this case, being No. W-3034; the entire enterprise was in existence at the time the applications were filed in W-17, W-18, W-19, W-20 and W-22; this case, W-3034 is simply a portion of the project represented in the other cases, and Mr. Dawn separated this application from the others by his own choice.
“The evidence presented in W-17, W-18, W-19, W-20 and W-22, was highly fragmented and confusing, making identification of wells therein claimed difficult. It is highly problematical whether that evidence can be said to have anything to do with the particulars alleged in the present case and the wells herein alleged *291 to have been drilled, and used, or, in fact, anything having been done which could amount to an appropriation of water, or any steps taken to accomplish an appropriation.
“Except for the brief statement of Mr. Dawn that the allegations were true, no testimony was presented to substantiate any of the pertinent facts. Alleged well permits were neither mentioned, nor copies presented. Nothing was presented to substantiate any claim that the wells were worked on, dug, or used. The so-called Dawn Reservoir was never described as to its planned capacity, whether it was to consist of one section or two, where it was to be located, or, its extent. How water might be stored in the John Martin or Caddoa Reservoir — a state or federal facility — was not spelled out in any manner that could be considered proof of such a possibility.”
Judgment affirmed.